IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONG SHEI FEI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00611-O-BP |
| § | |
| MARK KOUMANS and § | |
| WILLIAM BARR, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint, ECF No. 1, filed by Plaintiff Dong Shei Fei on August 6, 2019, and Defendants' Motion to Dismiss and Appendix in Support, ECF Nos. 14 and 15, filed March 11, 2020. Plaintiff has not filed a response to Defendants' Motion. This case was automatically referred to the undersigned pursuant to Special Order 3 on August 7, 2019. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor grant Defendants' Motion and **DISMISS** this case as **MOOT**.

This is an immigration case in which the Plaintiff sought judicial review of the Defendants' inaction on a Form I-485 application to register permanent residence or adjust status. Defendants moved to extend the time to file an answer to act on the application, and the Court granted the unopposed motion. ECF Nos. 12 and 13. Defendants now move to dismiss the case as moot because the United States Citizenship and Immigration Services approved the Plaintiff's Form I-485 application and informed him of this action on February 20, 2020. ECF No. 15.

Federal courts are courts of limited jurisdiction and can only consider "actual ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "If a dispute has been resolved or if it has evanesced because of changed circumstances…it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). The court lacks subject matter jurisdiction over a moot controversy. *Carr v. Saucier*, 582 F.2d 14 (5th Cir. 1978).

The record reflects that Plaintiff has received what he sought in this case as shown in the Form I-797 "Notice of Action" contained in the appendix filed with Defendants' Motion. The court may consider this document though it was not attached to the Complaint to determine a factual issue related to subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). The Plaintiff did not respond to Defendant's Motion to Dismiss though he has had ample time to do so. Because Plaintiff has obtained what he sought originally by filing his Complaint, this case is moot, and the Defendants' Motion should be granted. In similar cases in the past, this Court has dismissed the proceedings as moot. *See Ghosheh v. Tarango*, No. 3:16-CV-0224-G, 2016 WL 3763421, at *1 (N.D. Tex. July 14, 2016) (mandamus case moot where USCIS issued decisions after litigation filed); *Omari v. Napolitano*, No. 3:11-CV-01375-O, 2012 WL 473889, at *1–2 (N.D. Tex. Jan. 27, 2012), *rec. adopted*, 2012 WL 473865 (N.D. Tex. Feb. 13, 2012) (same).

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor grant Defendants' Motion to Dismiss, ECF No. 14, and **DISMISS** this case as **MOOT**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **April 9, 2020.**

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE